*1014 OPINION.
Oppee :
That processing taxes accrued in one year and paid in the next are proper deductions in the year of accrual is now concurred in by the parties. Cartex Mills, Inc., 42 B. T. A. 894.
It is also clear that taxes accrued but never paid because of a subsequently determined invalidity are not to be treated as deductible items if the year of accrual remains open for adjustment. Elsie S. Eckstein, 41 B. T. A. 746; Security Flour Mills Co., 45 B. T. A. 671; E. B. Elliott Co., 45 B. T. A. 82. Respondent’s determination in this respect was proper and is approved.
The final question is whether a waiver of the statute of limitations applicable to the year 1934 and signed on behalf of petitioner by its secretary and treasurer is invalid because lacking the corporate seal or an annexed certification of action by the board of directors. This requirement appears neither in statute nor regulations but only as a footnote on the form itself. There is no showing that the action was unauthorized nor that the officer was acting outside the scope of his duties, but, on the contrary, it appears that he had previously signed petitioner’s income tax return for 1935 and that a subsequent waiver also for 1934, which he executed, was authorized by the board of directors. Nor does it appear that such action on behalf of a corporate officer would have been ineffectual to bind the corporation under state law. Cf. Concrete Engineering Co. v. Commissioner (C. C. A., 8th Cir.), 58 Fed. (2d) 566. Absent any evidence that this action was opposed or forbidden by the board of directors or others authorized to act on petitioner’s behalf, the failure to annex an authorizing resolution, like the omission of the corporate seal for which it is merely *1015 a substitute, can not be anything more than an inconclusive formality. Rowan Drilling Co., 44 B. T. A. 189, 194; Crown Willamette Paper Co. v. McLaughlin (C. C. A., 9th Cir.), 81 Fed. (2d) 365; Panther Rubber Manufacturing Co., 17 B. T. A. 310 (reversed other grounds, C. C. A., 1st Cir., 45 Fed. (2d) 314). We conclude that the waiver was valid and that the 1934 deficiency is not barred by the statute of limitations.

Decision will be entered under Rule 50.